**Note changes made by the Court at p.8.**

William L. Haluck, Esq. (SBN 80146)
Zachary Schwartz, Esq. (SBN 286498)
Koeller, Nebeker, Carlson & Haluck, LLP
3 Park Plaza, Suite 1500
Irvine, CA 92614-8558
949-864-3400; fax: 949-864-9000
Email: *bill.haluck@knchlaw.com*
*zachary.schwartz@knchlaw.com*

Attorneys for Defendant
COUNTY OF ORANGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| KIRK PRICE II; TIMORRA ROGO and MELANIE STERNOD, as Guardian ad Litem for KIARA SIMONE PRICE;<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ORANGE, a Governmental Entity; and DOES 1-50,<br><br>Defendants. | Case No.: 8:20-CV-00832-JVS (KESx)<br>Assigned to: Hon. James V. Selna<br>Crt. Rm: 10C<br>Magistrate Judge: Karen E. Scott<br>Crt. Rm: 6D<br><br>**[~~PROPOSED~~] ORDER RE: STIPULATION FOR PROTECTIVE ORDER**<br><br>Action Date:    4/29/20<br>Trial Date:      8/17/21 |

The Court has received and considered Plaintiffs KIRK PRICE II, TIMORRA ROGO, and MELANIE STERNOD, as Guardian ad Litem for KIARA SIMONE PRICE (collectively "Plaintiffs") and Defendant COUNTY OF ORANGE'S ("Defendant") (collectively referred to as "the Parties") Joint Stipulation for a Protective Order. The Court finds that the Parties have shown good cause and the Court orders as follows:

**1.     INTRODUCTION**

   **1.1.   Purposes and Limitations**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 8.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

### 1.2. Good Cause Statement

This action involves the in-custody death of decedent Kirk Price. All deaths of inmates in the Orange County Jail are investigated confidentially by the Orange County District Attorney's Office ("OCDA") to determine any criminal wrongdoing by the Orange County Sheriff's Department. The OCDA also investigates and prosecutes any underlying crimes committed by inmates resulting in the death. The OCDA collects and reviews evidence, and makes findings, prepares summaries of witness interviews and reports. At the conclusion of the investigation, the OCDA prepares a Confidential Investigative Report that is labeled confidential and kept confidential, while a formal letter is sent to the Orange County Sheriff's Department discussing and summarizing the findings of the investigation. These letters are publically available on the OCDA website.

The OCDA investigation into the in-custody death of Kirk Price is presently ongoing. Kirk Price was assaulted by another inmate, and thus the OCDA is also conducting concurrent murder investigation. In order to facilitate discovery, but also maintain the confidentiality of the investigation and protect the integrity of the investigatory process and any criminal prosecutions, the Parties hereby agree that good cause exists to enter into a protective order for the materials collected by the

OCDA and the contents of the Confidential Investigative Report to allow disclosure to limited persons identified herein and protect from public disclosure.

Evidence collected by the OCDA during the in-custody death investigation includes surveillance video of the incident showing the assault upon Kirk Price and the deputies and medical staff responding to the scene. Several other non-party inmates are depicted in the video. The Defendant has an obligation to protect the privacy interests of non-party inmates. These non-party inmates who appear in the video have privacy interests and should not have video of them in jail publicly disclosed. Video of these non-party inmates while in jail could be particularly embarrassing for those inmates. Every effort should be made to protect the privacy of these non-party inmates.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over privacy and confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential and private, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1 Action: the above-captioned lawsuit *Kirk Price II, et al. v. County of Orange*, USDC Case No. 8:20-cv-00832-JVS (KES).

2.2 Counsel: Counsel of Record and House Counsel (as well as their support staff).

2.3 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.4   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.5   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.6   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.7   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.8   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.9   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.10   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11   Protected Material: all materials and evidence collected by the Orange County Sheriff's Department and the Orange County District Attorney's Office for the in-custody death investigation involving decedent Kirk Price and the contents of a resulting Confidential Investigative Report, including but not limited to physical evidence of recorded interviews and surveillance video, that may be produced by Defendant in this action and marked "CONFIDENTIAL".

2.12 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; and (2) all copies, excerpts, summaries, or compilations of Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Defendant agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. ACCESS TO AND USE OF PROTECTED MATERIAL

5.1 Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 9 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.2   Disclosure of Protected Material.

Unless otherwise ordered by the court or permitted in writing by the Defendant, a Receiving Party may disclose Protected Material only to:

(a)   the Receiving Party's Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)   the court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary; and

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

Any person above who is provided Protected Material is required to comply with the terms of this Stipulated Protective Order and may not further disclose Protective Material except as provided and allowed by this Stipulated Protective Order.

## 6.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of Protected Material, that Party must:

(a)   promptly notify in writing the Defendant. Such notification shall

include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Defendant whose Protected Material may be affected.

If the Defendant timely seeks a protective order, the Party served with the subpoena or court order shall not produce Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Defendant's permission.  The Defendant shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 7.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Defendant of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) provide to the person or persons to whom unauthorized disclosures were made with a copy of this Stipulated Protective Order.

## 8.   MISCELLANEOUS

8.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

8.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in

this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   8.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  However, only the portions of documents, including briefs, exhibits, or any other moving or opposing papers that contain Protected Material need to be filed <u>accompanied by an application to file them</u> under seal.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**9.   FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Defendant, each Receiving Party must return all Protected Material to the Defendant or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Defendant by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective

Here.
Order as set forth in Section 4 (DURATION).

## 10. PUNISHMENT FOR VIOLATION OF THIS ORDER

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED.**

DATED: October 29, 2020

_____
Honorable Karen E. Scott
Magistrate Judge